UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANNA L. V. SAKSON,<br><br>           Plaintiff,<br><br>   -against-<br><br>CONCORDIA COLLEGE – NEW YORK FOUNDATION, INC., d/b/a CONCORDIA COLLEGE NEW YORK,<br>           Defendant. | 07 Civ. 3709<br>(WCC) |

## ANSWER WITH AFFIRMATIVE DEFENSES

Defendant Concordia College ("Concordia" or the "College") (incorrectly named herein as "Concordia College – New York Foundation, Inc., d/b/a Concordia College New York"), by its attorneys Nixon Peabody LLP, hereby answers the Complaint of plaintiff Janna L.V. Sakson ("plaintiff" or "Sakson") in accordance with the numbered paragraphs thereof as follows:

### INTRODUCTORY STATEMENT

1. Denies the allegations set forth in Paragraph 1 of the Complaint.

2. Denies the allegations set forth in Paragraph 2 of the Complaint.

### THE PARTIES

3. In response to the allegations set forth in Paragraph 3 of the Complaint, admits that plaintiff is a natural person and is a female citizen of the United States, and denies knowledge or information sufficient to form a belief as to the truth of the balance of the allegations set forth therein.

4. Avers that the allegations set forth in Paragraph 4 of the Complaint state a legal conclusion, to which no response is required. To the extent a response is required, Defendant avers that it employed plaintiff from the Fall of 2002 until June 30, 2006.

10138772

5. Defendant admits that the College is a not-for-profit corporation formed under the laws of the State of New York, and denies that Defendant's correct legal name is "Concordia College – New York Foundation, Inc., doing business as Concordia College New York."

6. Admits the allegations set forth in Paragraph 6 of the Complaint.

7. Avers that the allegations set forth in Paragraph 7 of the Complaint state a legal conclusion, to which no response is required. To the extent a response is required, Defendant avers that it employed plaintiff from the Fall of 2002 until June 30, 2006.

8. Denies the allegations set forth in Paragraph 8 of the Complaint, and avers that during plaintiff's employment Dr. Viji George was the President of the College.

9. Denies the allegations set forth in Paragraph 9 of the Complaint, and avers that Sherry Fraser's current title at the College is Dean of the College.

10. Denies the allegations set forth in Paragraph 10 of the Complaint, and avers that John Bahr's current title at the College is Dean of Students.

11. Denies the allegations set forth in Paragraph 11 of the Complaint, and avers that Dr. Mandana Nakhai's current title at the College is Assistant Dean, Division of Liberal Studies.

## JURISDICTION AND VENUE

12. Admits that the allegations set forth in Paragraph 12 of the Complaint purport to predicate jurisdiction for plaintiff's claims under "42 U.S.C.A. s.s. 12101 et seq., under 28 U.S.C.A. s.s. 1331 and 1343(4), and under 29 U.S.C.A. ss. 2617," and purport to predicate venue pursuant to "28 U.S.C.A. s. 1391(b)" but, except as so admitted, denies the allegations set forth in Paragraph 12 of the Complaint.

## PROCEDURAL REQUIREMENTS

13. Admits that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and that her Notice of Right to Sue is attached to the Complaint as Exhibit "A" but, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 13 of the Complaint.

## STATEMENTS OF FACTS COMMON TO ALL CAUSES OF ACTION

14. Denies the allegations set forth in Paragraph 14 of the Complaint, and avers that the College hired plaintiff as a part-time, adjunct professor in the English Department for the Fall 2002 semester, and plaintiff continued to serve as a part-time, adjunct professor in the English Department during the Spring 2003 and Fall 2003 semesters.

15. Denies the allegations set forth in Paragraph 15 of the Complaint, and avers that in the Spring of 2004, plaintiff became a full-time instructor in the English Department.

16. Denies the allegations set forth in Paragraph 16 of the Complaint, and avers that in June 2004, the College offered plaintiff a one-year contract to serve as an Assistant Professor of English from July 1, 2004 through June 30, 2005, which offer plaintiff accepted.

17. Admits the allegations set forth in Paragraph 17 of the Complaint.

18. Denies the allegations set forth set in Paragraph 18 of the Complaint, and avers that in June 2005, the College offered plaintiff another one-year contract to serve as an Assistant Professor of English from July 1, 2005 through June 30, 2006, which offer plaintiff accepted.

19. Denies the allegations set forth in Paragraph 19 of the Complaint.

20. In response to the allegations set forth in Paragraph 20 of the Complaint, admits that plaintiff applied for a position with Concordia, and denies the balance of the allegations set forth therein.

21. Denies the allegations set forth in Paragraph 21 of the Complaint.

22. In response to the allegations set forth in Paragraph 22 of the Complaint, admits that in the Fall of 2005, plaintiff served on certain Concordia faculty committees and had been nominated to the position of Faculty Secretary in the Spring of 2005, and denies the balance of the allegations set forth therein.

23. Denies the allegations set forth in Paragraph 23 of the Complaint.

24. Admits the allegations set forth in Paragraph 24 of the Complaint.

25. Admits that plaintiff led a trip to Time Out New York Magazine in the Fall of 2005, and that she co-planned a study abroad trip for the Spring of 2006 to the British Isles, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint.

29. Admits the allegations set forth in Paragraph 29 of the Complaint.

30. Denies the allegations set forth in Paragraph 30 of the Complaint, and avers that the College permitted plaintiff's husband (who also is an English professor) to teach some of her classes, and that other faculty members at the College taught some of plaintiff's classes.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.

32. Admits the allegations set forth in Paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

37. Denies the allegations set forth in Paragraph 37 of the Complaint.

38. Denies the allegations set forth in Paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegation that at all times plaintiff was available to her students via email, and denies the remainder of the allegations set forth in Paragraph 40 of the Complaint.

41. Denies the allegations set forth in Paragraph 41 of the Complaint.

42. Denies the allegations set forth in Paragraph 42 of the Complaint.

43. Denies the allegations set forth in Paragraph 43 of the Complaint.

44. Denies the allegation that "Plaintiff chose not to take Concordia's suggestion," and admits the remainder of the allegations set forth in Paragraph 44 of the Complaint.

45. Denies the allegations set forth in Paragraph 45 of the Complaint.

46. Denies the allegations set forth in Paragraph 46 of the Complaint.

47. Denies the allegations set forth in Paragraph 47 of the Complaint.

48. Denies the allegations set forth in Paragraph 48 of the Complaint.

49. Denies the allegations set forth in Paragraph 49 of the Complaint.

50. Denies the allegations set forth in Paragraph 50 of the Complaint.

51. Admits that the College offered plaintiff a student teaching assistant as an accommodation, and denies the remainder of the allegations set forth in Paragraph 51 of the Complaint.

52. Admits that the College told plaintiff to contact a particular student to see if she would help plaintiff mark up papers and to tell the student that she would be paid $10 per hour, and denies the remainder of the allegations set forth in Paragraph 52 of the Complaint.

53. Denies the allegations set forth in Paragraph 53 of the Complaint.

54. Denies the allegations set forth in Paragraph 54 of the Complaint.

55. Denies the allegations set forth in Paragraph 55 of the Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint.

57. Admits that plaintiff notified the College that "the teaching assistant was not working out," and denies the remainder of the allegations set forth in Paragraph 57 of the Complaint.

58.     Denies the allegations set forth in Paragraph 58 of the Complaint, except admits that the search committee for a position plaintiff applied for was comprised of the seven referenced people.

59.     Denies the allegations set forth in Paragraph 59 of the Complaint.

60.     Denies the allegations set forth in Paragraph 60 of the Complaint.

61.     In response to the allegations set forth in Paragraph 61 of the Complaint, admits that prior to her interview, plaintiff submitted a CV, cover letter, recommendation letters and sample work, and denies the balance of the allegations set forth therein.

62.     Admits that in or about mid-December 2005, plaintiff notified the College that she was going to take a disability leave for the Spring 2006 semester, denies knowledge or information sufficient to form a belief as to the truth of the allegation that she continued "to suffer from the symptoms discussed above and remaining undiagnosed," and denies the remainder of the allegations set forth in Paragraph 62 of the Complaint.

63.     Denies the allegations set forth in Paragraph 63 of the Complaint.

64.     Admits the allegations set forth in Paragraph 64 of the Complaint.

65.     Admits the allegation that "When plaintiff called Dr. Nakhai, Dr. Nakhai said that Concordia supported her decision to go on disability," and denies the remainder of the allegations set forth in Paragraph 65 of the Complaint.

66.     Denies the allegations set forth in Paragraph 66 of the Complaint.

67.     Denies the allegations set forth in Paragraph 67 of the Complaint.

68.     Denies the allegations set forth in Paragraph 68 of the Complaint.

69.     Denies the allegations set forth in Paragraph 69 of the Complaint.

70.     Denies the allegations set forth in Paragraph 70 of the Complaint.

71. Denies the allegations set forth in Paragraph 71 of the Complaint.

72. Denies the allegations set forth in Paragraph 72 of the Complaint, and avers that in accordance with her one-year contract, plaintiff's employment with the College ended on June 30, 2006.

73. Denies the allegations set forth in Paragraph 73 of the Complaint.

74. In response to the allegations set forth in Paragraph 74 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegation that "plaintiff was told that they were praying for her health and that they wised her well", and denies the balance of the allegations set forth therein. Defendant avers that during the Fall 2005 and Spring 2006 semesters, administrators at the College informed plaintiff that they were praying for her health and wished her well.

75. Denies the allegations set forth in Paragraph 75 of the Complaint.

76. Denies the allegations set forth in Paragraph 76 of the Complaint.

### FIRST CAUSE OF ACTION
Disability Discrimination in Violation of the
Americans with Disabilities Act of 1990, 42 U.S.C.A. s. 12101 et. Seq.

77. Defendant repeats and re-alleges its responses to Paragraphs 1 through 76 of the Complaint as if fully set forth herein.

78. Avers that the allegations set forth in Paragraph 78 of the Complaint state a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint.

79. Denies the allegations set forth in Paragraph 79 of the Complaint.

80. Denies the allegations set forth in Paragraph 80 of the Complaint.

81. Denies the allegations set forth in Paragraph 81 of the Complaint.

82. Denies the allegations set forth in Paragraph 82 of the Complaint.

83. Denies the allegations set forth in Paragraph 83 of the Complaint.

84. Denies the allegations set forth in Paragraph 84 of the Complaint.

85. Denies the allegations set forth in Paragraph 84 of the Complaint.

86. Denies the allegations set forth in Paragraph 86 of the Complaint.

87. Denies the allegations set forth in Paragraph 87 of the Complaint.

88. Denies the allegations set forth in Paragraph 88 of the Complaint.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Complaint.

90. Denies the allegations set forth in Paragraph 90 of the Complaint.

91. Denies the allegations set forth in Paragraph 91 of the Complaint.

92. Denies the allegations set forth in Paragraph 92 of the Complaint.

93. Denies the allegations set forth in Paragraph 93 of the Complaint.

### SECOND CAUSE OF ACTION
Violation of the Family and Medical Leave Act
29 U.S.C.A. s.s. 2601 et seq.

94. Defendant repeats and re-alleges its responses to Paragraphs 1 through 93 of the Complaint as if fully set forth herein.

95. Denies the allegations set forth in Paragraph 95 of the Complaint.

96. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Complaint.

97. Denies the allegations set forth in Paragraph 97 of the Complaint.

98. Denies the allegations set forth in Paragraph 98 of the Complaint.

99. Denies the allegations set forth in Paragraph 99 of the Complaint.

## THIRD CAUSE OF ACTION
### (Unlawful Discriminatory Practices- New York State Executive Law)

100.   Defendant repeats and re-alleges its responses to Paragraphs 1 through 99 of the Complaint as if fully set forth herein.

101.   Denies the allegations set forth in Paragraph 101 of the Complaint.

102.   Denies the allegations set forth in Paragraph 102 of the Complaint.

103.   Denies the allegations set forth in Paragraph 103 of the Complaint.

104.   Denies the allegations set forth in Paragraph 104 of the Complaint.

### WHEREFORE CLAUSE

The "WHEREFORE" clause immediately following Paragraph 104 of the Complaint states a prayer for relief to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendant denies that plaintiff is entitled to any relief whatsoever.

### DEMAND FOR JURY

Defendant admits that plaintiff demands a trial by jury.

### GENERAL DENIAL

Defendant denies each and every allegation not specifically admitted herein.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because at no time did Concordia engage in discriminatory practices with malice or reckless indifference to plaintiff's rights.  To the

contrary, Concordia made a good-faith effort to comply with its obligations under the applicable discrimination statute(s).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's remedies are barred to the extent that she has failed to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for emotional distress are barred, in whole or in part, by the exclusivity provisions of Sections 10 and 11 of the New York State Workers' Compensation Law.

## SIXTH AFFIRMATIVE DEFENSE

Concordia College's decision and actions, if any, or its alleged failure to make any decisions, respecting plaintiff and her employment were not discriminatory and were justified by legitimate, non-discriminatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the doctrines of waiver, laches, estoppel and/or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's federal discrimination claims are barred to the extent that they were not alleged or encompassed within the administrative charge filed by the plaintiff, or the administrative investigation thereof.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that she has failed to satisfy the statutory prerequisites for commencing this action and/or failed to exhaust her administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages or attorneys' fees with respect to her New York State Human Rights Law claim.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to damages to her reputation or emotional distress damages with respect to her Family and Medical Leave Act claim.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff did not have the required hours of service to be eligible for leave under the Family and Medical Leave Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed because plaintiff was not a "qualified individual with a disability" within the meaning of the American with Disabilities Act and the New York State Human Rights Law.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff is considered to have suffered from a "disability", Concordia took appropriate efforts to reasonably accommodate that "disability." Plaintiff, however, failed to engage in an "interactive process" with Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff was unable to perform the essential functions of her position with or without a reasonable accommodation.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this action.

WHEREFORE, having fully answered the allegations in the Complaint, Defendant Concordia College respectfully requests dismissal of the Complaint, with prejudice, an award of costs, including the reasonable attorney's fees incurred in the defense of this action, as well as such other and further relief as the Court deems just and proper.

Dated:  June 8, 2007
       Jericho, New York

                    **NIXON PEABODY LLP**

                    By: _____/s/ James P. O'Brien, Jr._____
                          James P. O'Brien, Jr.  (JO-9373)
                          Jessica Grossman (JG-2534)

                    50 Jericho Quadrangle, Suite 300
                    Jericho, New York 11753
                    (516) 832-7500
                    *Attorneys for Defendant*